**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

YORDY VAZQUEZ LLAMES (A No. 232-613-352),

Petitioner,

v.

ANDREWS, et al.,

Respondents.

Case No. 1:26-cv-08173-JLT-SAB

ORDER GRANTING IN PART THE PETITION FOR WRIT OF HABEAS CORPUS; DENYING THE MOTION TO APPOINT COUNSEL; DENYING THE MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING

(Docs. 1, 3, 4)

## I. INTRODUCTION

Before the Court is Yordy Vazquez Llames's request for a temporary restraining order (Doc. 4), filed in conjunction with his petition for writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) The government filed a response to the TRO and the underlying petition, asserting that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2), (Doc. 9 at 1), a legal position that this Court has rejected repeatedly. For the reasons set forth below, the Court **GRANTS IN PART** the habeas petition.[1]

///

[1] When the Court set a briefing schedule on the motion for TRO, it ordered the parties to state their position as to whether the motion for TRO should be converted to a preliminary injunction without further briefing, whether the parties sought a hearing, and whether the parties sought additional briefing on the habeas petition. (Doc. 8.) Respondents do not request a hearing or further briefing. (*See* Doc. 9 at 1.) Thus, the Court decides this case on the underlying habeas petition on the present record.

## II. JURISDICTION

Under 28 U.S.C. § 2241, the Court has the authority to determine a petition for writ of habeas corpus in which the petitioner asserts he is being held in custody "in violation of the Constitution or laws or treaties of the United States." "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Petitioner seeks an individualized bond hearing because he was re-detained without due process of law in violation of the Fifth Amendment. (Doc. 1 at 16–17.) Thus, he properly invokes the Court's habeas jurisdiction.

The INA limits judicial review in many instances. Though 8 U.S.C § 1252(g) precludes this Court from exercising jurisdiction over the executive's decision to "commence proceedings, adjudicate cases, or execute removal orders against any alien," there is no removal order at issue here and the central issue is Petitioner's continued detention. Therefore, this Court has the authority to review Petitioner's habeas petition. *See Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (holding that § 1252(g) precludes judicial review only as to the three areas specifically outlined in the subsection); *Reno v. American–Arab Anti–Discrimination Comm.*, 525 U.S. 471, 482 (1999).

## III. FACTUAL BACKGROUND

Petitioner is from Cuba. (Doc. 9 at 3.) On June 7, 2023, Petitioner entered the United States, where he was encountered by immigration officials and released on Cuban Humanitarian Parole with permission to remain until June 5, 2025. (*Id.* at 4, 15.) Petitioner applied and obtained work authorization on January 23, 2024, but this expired on June 5, 2025. (*Id.* at 5.) On August 27, 2026, Petitioner was arrested by local police on a misdemeanor charge under Fla. Stat. Ann. § 901.31 for failing to appear for a court hearing in connection with a suspended license offense. (*Id.* at 7.) Petitioner was booked into Hernando County Jail, and ICE lodged an I-247 detainer with the jail for his arrest. (*Id.*) On August 29, 2026, ICE arrested the Petitioner. (*Id.*) DHS transferred Petitioner to the Golden State Annex Facility in McFarland, California, where he remains. (Doc. 1 at 2.) On August 29, 2026, DHS also issued a Notice to Appear

charging Petitioner as removable under Section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act. (Doc. 9 at 10–13.) Petitioner's removal proceedings are ongoing, and he is not subject to a final order of removal.[2] On October 5, 2026, Petitioner filed a petition for writ of habeas corpus and a TRO arguing that his re-detention violates the Fifth Amendment Due Process Clause. (Doc. 1 at 16–17; Doc. 4.)

## IV. DISCUSSION

The government filed an opposition to the habeas petition and TRO, arguing that Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2). (Doc. 9 at 1.) Respondents offer little to rebut Petitioner's due process claim and do not provide any justification for detaining Petitioner and make no effort to distinguish this current case from the numerous cases issued by the undersigned, finding this legal position to be incorrect and the detention unlawful. *See Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026); *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut,* No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026). Therefore, the Court finds that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment.

However, that is not the end of the inquiry. The record indicates that Petitioner was recently arrested for failing to appear in connection with a suspended license offense in violation of Fla. Stat. Ann. § 901.31. (Doc. 9 at 7.) That statute reads: "Any person who willfully fails to appear before any court or judicial officer as required by a written notice to appear shall be fined

[2] *See* EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseinformation (last visited October 16, 2026).

. . . or imprisoned up to the maximum sentence of imprisonment . . . or both, regardless of the disposition of the charge upon which the person was originally arrested." Fla. Stat. Ann. § 901.31. This Court has previously found that the appropriate remedy for an encountered individual who was re-detained because he had a bench warrant out for his arrest after failing to appear in court in connection with a suspended license was a post-deprivation bond hearing. *See Valdes Garcia v. U.S. District Court Eastern District of California*, No. 1:26-cv-03714-JLT-EPG, 2026 WL 1758405, at *2 (E.D. Cal. June 18, 2026). Given the similarity in this case, the Court similarly finds that a post-deprivation hearing where the Government bears the burden of proving that Petitioner now poses a danger to the community or flight risk is appropriate. For the foregoing reasons, the Court **ORDERS:**

1. The petition for writ of habeas corpus (Doc. 1) is **GRANTED IN PART**.

2. The motion to appoint counsel (Doc. 3) is **DENIED**.[3]

3. The motion for temporary restraining order (Doc. 4) is **DENIED AS MOOT**.

4. <u>**Within 14 days**</u> of the date of service of this order, unless Petitioner consents to a later date, Respondent **SHALL** provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).

5. At least 72 hours before the scheduled hearing, Petitioner **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing, and he **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the

---

[3] Petitioner also asks this Court to appoint counsel in his habeas action. (Doc. 3.) Title 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require." As explained above, because the Court **GRANTS IN PART** the habeas petition and orders a substantive bond hearing, the interests of justice do not require appointment of counsel.

immigration proceedings, at least 72 hours before the hearing, counsel **SHALL** receive notice of the scheduled hearing.

6. The Clerk of Court is directed to serve the Golden State Annex Facility in McFarland, California, with a copy of this Order.

7. The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated: October 16, 2026

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE